UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOE S. ALEXANDER | ) | |
| | ) | CASE NO. 06-10238(1)(7) |
| Debtor(s) | ) | |
| | ) | |
| MARK H. FLENER, TRUSTEE | ) | AP NO. 08-1013 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONTICELLO BANKING CO. | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Dismiss Adversary Proceeding of Debtor Joe Alexander ("Debtor"). The Court considered the Debtor's Motion, the Response of Plaintiff, Trustee Mark Flener and the comments of Debtor and counsel for Plaintiff at the hearing held on the matter. For the following reasons, the Court **DENIES** the Motion to Dismiss Adversary Proceeding.

**PROCEDURAL BACKGROUND**

On April 17, 2006, Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. By Order entered April 27, 2006, the case was converted to one under Chapter 11 and subsequently on June 16, 2006, the case was converted to one under Chapter 7 of the United States Bankruptcy Code.

On June 16, 2006, Plaintiff, Mark Flener, was appointed as the Chapter 7 Trustee on Debtor's case.

On April 15, 2008, Plaintiff, in his capacity as Trustee of Debtor's estate, initiated this adversary proceeding seeking to avoid and recover fraudulent and/or preferential transfers against Defendants Betty Alexander and Monticello Bank.

On May 26, 2009, the Court entered an Order approving a Settlement Agreement between Betty Alexander and the Trustee.

On September 4, 2009, Debtor filed a Motion to Dismiss Adversary Proceeding pending against Monticello Bank.

Following a hearing on the Motion, the matter was submitted to the Court for a decision.

## **LEGAL ANALYSIS**

Debtor seeks an Order dismissing the Trustee's action against Monticello Bank.  Debtor is not a party to this adversary proceeding and has not sought to intervene in this action as a party.  Accordingly, Debtor has no legal standing to seek dismissal of this action.

The procedure for intervention set forth in Fed. R. Civ. P. 24 is made applicable to adversary proceedings in Bankruptcy Rule 7024.  Non-party participation, such as Debtor seeks, is dependent on intervention.  See, In re Latimer, 918 F.2d 136, 137 (10th Cir. 1990) and In re Thompson, 965 F.2d 1136 (1st Cir. 1992).  In Latimer, the court refused to allow a debtor to participate in an adversary proceeding filed by a trustee to recover real estate the debtor had fraudulently conveyed to his wife.  The court found the debtor had no standing to participate in the adversary proceeding because he had failed to intervene in the action as a party.  Similarly, in Thompson, the court refused to allow a debtor to participate in an appeal who was not an original party to the adversary proceeding and who had not intervened in that action.

In the case at bar, the Debtor is not party and has not intervened in this action. Accordingly, he has no standing to seek dismissal of the Trustee's action against Monticello Bank.

## CONCLUSION

For all of the above reasons, the Court will enter the accompanying Order denying the Motion to Dismiss Adversary Proceeding of Debtor Joe Alexander.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 16, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOE S. ALEXANDER | ) | |
| | ) | CASE NO. 06-10238(1)(7) |
| Debtor(s) | ) | |
| | ) | |
| MARK H. FLENER, TRUSTEE | ) | AP NO. 08-1013 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONTICELLO BANKING CO. | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Adversary Proceeding of Joe Alexander be, and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 16, 2009